

**NUMBER 13-12-00262-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**SERVANDO YZAGUIRRE JR.,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**On appeal from the 357th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Servando Yzaguirre Jr., attempted to perfect an appeal from a conviction for burglary of a habitation. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on February 29, 2012. No motion for new trial was filed. Notice of appeal was filed on April 9, 2012. The Court abated the appeal

on August 28, 2012 for purposes of determining whether appellant is entitled to appointed counsel, and on March 4, 2013 because the clerk's record had not been filed.

On May 16, 2013, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not responded to this notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Although the notice of appeal herein was filed within the 15-day time period for filing a motion for extension of time to file notice of appeal, no such motion for extension of time was filed. *See id.*

Additionally, the clerk's record does not contain a signed trial court certification form for the judgment signed on March 9, 2012. On May 16, 2013, this Court notified the trial court judge and appellant that a signed trial court certification had not been filed and requested a trial court certification.[1] As of this date, a trial court certification has not been

---

[1]The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *See id.* 25.2(a)(2). The certification must include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See id.* 25.2(d). The certification must be signed by the defendant and a copy must be given to him. *See id.* The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules. *See id.*

filed.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION. All pending motions are likewise DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2013.

3